THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **TERESA CONATY TIERNAN aka TERESA TIERNAN,**<br><br>Plaintiff,<br><br>v.<br><br>**INTERNAL REVENUE SERVICE,**<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:22-cv-00534-TC-JCB<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court are pro se Plaintiff Teresa Conaty Tiernan aka Teresa Tiernan's ("Ms. Tiernan") complaint[2] and two motions.[3] Based upon the analysis set forth below, the court: (I) concludes that it lacks subject matter jurisdiction over this action; (II) orders Ms. Tiernan to file an amended complaint to potentially cure that jurisdictional deficiency; and (III) denies Ms. Tiernan's two motions.

### BACKGROUND

Ms. Tiernan's 4-page complaint names the Internal Revenue Service ("IRS") as the sole defendant.[4] Ms. Tiernan alleges that she is suing the IRS "for stealing 100% of [her] earnings

---

[1] ECF No. 9.

[2] ECF No. 6.

[3] ECF Nos. 12-13.

[4] ECF No. 6.

since 2010."[5] Ms. Tiernan appears to allege that the IRS wrongfully took her earnings to satisfy overdue tax debts.[6] Ms. Tiernan asserts that those tax debts are not valid because of an order from an unidentified judge stating that she "owed no taxes for 40 years."[7] Ms. Tiernan's complaint does not include any allegations concerning any steps she took to resolve her claims with the IRS at the administrative level.

After filing her complaint, Ms. Tiernan filed two motions. Although not entirely clear, the first of those motions appears to ask the court to substitute or add certain parties.[8] The second motion is for "reimbursement of stolen property."[9]

ANALYSIS

I. The Court Lacks Subject Matter Jurisdiction Over This Action.

The court has an independent obligation to determine whether subject matter jurisdiction exists in any case.[10] And as the plaintiff, Ms. Tiernan bears the burden of establishing subject matter jurisdiction in this action.[11] As demonstrated below, Ms. Tiernan fails to carry her burden

---

[5] *Id*. at 1.

[6] *See generally id*.

[7] *Id*. at 1.

[8] ECF No. 12.

[9] ECF No. 13.

[10] *Tafoya v. U.S. Dep't of Just., L. Enf't Assistance Admin.*, 748 F.2d 1389, 1390 (10th Cir. 1984) ("Insofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings . . . ."); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

[11] *Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").

because her complaint fails to allege that she exhausted her administrative remedies with the IRS.

"Under 28 U.S.C. § 1346(a)(1), the United States has consented to be sued in federal district court in civil actions 'for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected.'"[12] "However, a party bringing such an action must exhaust [her] administrative remedies by filing a timely and proper refund claim prior to filing suit."[13] Indeed, 26 U.S.C. § 7422(a) provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.[14]

Importantly, "[f]iling a timely tax refund claim with the IRS is a jurisdictional prerequisite to maintaining a tax refund suit."[15]

Ms. Tiernan's complaint is entirely devoid of any allegations that she satisfied the requirements of 26 U.S.C. § 7422(a). Without such allegations, she cannot carry her burden to

---

[12] *Green v. United States*, 428 F. App'x 863, 866 (10th Cir. 2011) (quoting 28 U.S.C. § 1346(a)(1)).

[13] *Id*.

[14] 26 U.S.C. § 7422(a); *see also* 26 C.F.R. § 301.6402-2(a) (providing that, under 26 U.S.C. § 7422, "a civil action for refund may not be instituted unless a claim has been filed within the properly applicable period of limitation").

[15] *Angle v. United States*, 996 F.2d 252, 253 (10th Cir. 1993).

establish that this court has subject matter jurisdiction over her claims. Therefore, those claims should be dismissed subject to allowing Ms. Tiernan to amend them.

## II. The Court Orders Ms. Tiernan to File an Amended Complaint to Potentially Cure the Jurisdictional Deficiency.

Although the court could recommend dismissal of this case for lack of subject matter jurisdiction, the court instead provides Ms. Tiernan with an opportunity to amend her complaint.[16] Ms. Tiernan must file an amended complaint on or before March 24, 2023, that remedies the jurisdictional deficiency addressed above. Failure to do so will result in the court recommending that this case be dismissed for lack of subject matter jurisdiction.

## III. The Court Denies Ms. Tiernan's Two Motions.

The court denies Ms. Tiernan's first motion without prejudice because it is unclear what type of relief the motion seeks. Although the motion appears to ask the court to substitute or add certain parties, it fails to make clear which parties Ms. Tiernan is requesting to substitute or add. In a word, Ms. Tiernan's motion is unintelligible, and courts must strike such motions.[17] Therefore, the court denies the motion without prejudice. Ms. Tiernan may renew the motion, but any such renewed motion must have a clear and specific request for relief.

The court denies Ms. Tiernan's second motion as moot because it is duplicative of the relief requested in her complaint. Indeed, the motion requests "reimbursement of stolen

---

[16] *See, e.g.*, *Garner v. Internal Revenue Serv.*, No. 2:22-cv-00071-DBB-JCB, 2022 WL 3998150, at *3-4 (D. Utah Sept. 1, 2022) (permitting a pro se plaintiff to amend his complaint to potentially allege that he exhausted administrative remedies under 26 U.S.C. § 7422(a)).

[17] *See, e.g.*, *New Mexico v. Robinson*, No. 13-cv-1308, 2013 WL 12329154, at *2 (D.N.M. Oct. 29, 2013) (striking motions for being unintelligible).

property" and states that the reasons supporting the motion were "already stated previously."[18] Because Ms. Tiernan is already asking for the same relief in her complaint—over which the court currently lacks subject matter jurisdiction—the court denies her second motion as moot.

### ORDER

Based upon the foregoing, the court HEREBY ORDERS:

1. Ms. Tiernan must file an amended complaint on or before March 24, 2023, that remedies the jurisdictional deficiency addressed above. Failure to do so will result in the court recommending that this case be dismissed for lack of subject matter jurisdiction.

2. Ms. Tiernan's first motion[19] is DENIED WITHOUT PREJUDICE.

3. Ms. Tiernan's second motion[20] is DENIED AS MOOT.

IT IS SO ORDERED.

DATED this 3rd day of March 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[18] ECF No. 13 at 1.
[19] ECF No. 12.
[20] ECF No. 13.