THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **TERESA CONATY TIERNAN aka TERESA TIERNAN,**<br><br>Plaintiff,<br><br>v.<br><br>**INTERNAL REVENUE SERVICE,**<br><br>Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:22-cv-00534-TC-JCB<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Teresa Conaty Tiernan aka Teresa Tiernan's ("Ms. Tiernan") complaint.[2] For the reasons set forth below, the court recommends that this action be dismissed without prejudice.

## BACKGROUND

Ms. Tiernan's 4-page complaint names the Internal Revenue Service ("IRS") as the sole defendant.[3] Ms. Tiernan alleges that she is suing the IRS "for stealing 100% of [her] EARNINGS since 2010."[4] Ms. Tiernan appears to allege that the IRS wrongfully took her earnings to satisfy overdue tax debts.[5] Ms. Tiernan asserts that those tax debts are not valid

---

[1] ECF No. 9.

[2] ECF No. 6.

[3] *Id*.

[4] *Id*. at 1.

[5] *See generally id*.

because of an order from an unidentified judge stating that she "owed no taxes for 40 years."[6] Ms. Tiernan's complaint does not include any allegations about any steps she took to resolve her claims with the IRS at the administrative level.

On March 3, 2023, the court issued a Memorandum Decision and Order concerning Ms. Tiernan's complaint.[7] In that Memorandum Decision and Order, the court recognized its independent obligation to determine whether subject matter jurisdiction exists in any case.[8] The court also recognized that Ms. Tiernan bears the burden of establishing subject matter jurisdiction in this action.[9] Thereafter, the court concluded that Ms. Tiernan failed to carry that burden because her complaint is devoid of any allegations that she exhausted her administrative remedies with the IRS prior to initiating this action, as required by 26 U.S.C. § 7422(a).[10] Thus,

---

[6] *Id*. at 1.

[7] ECF No. 15.

[8] *Id*. at 2; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Tafoya v. U.S. Dep't of Just., L. Enf't Assistance Admin.*, 748 F.2d 1389, 1390 (10th Cir. 1984) ("Insofar as subject matter jurisdiction is concerned, it has long been recognized that a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings . . . .").

[9] ECF No. 15 at 2; *see also Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").

[10] ECF No. 15 at 3-4; *see also* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."); *Green v. United States*, 428 F. App'x 863, 866 (10th Cir. 2011) (providing that a party bringing suit for IRS taxes alleged to have been erroneously or illegally assessed or collected "must exhaust [her] administrative remedies by filing a timely and proper refund claim prior to filing suit"); *Angle v. United States*, 996 F.2d 252, 253 (10th Cir. 1993) (providing that "[f]iling a timely tax refund claim with the IRS is a jurisdictional prerequisite to maintaining a tax refund suit").

the court concluded that it lacked subject matter jurisdiction over this action and, consequently, that Ms. Tiernan's complaint should be dismissed.[11] Nevertheless, the court provided Ms. Tiernan with an opportunity to amend her complaint to remedy the jurisdictional deficiency.[12] The court ordered Ms. Tiernan to file an amended complaint on or before March 24, 2023.[13] The court warned Ms. Tiernan that her failure to file an amended complaint would result in the court recommending dismissal of this action for lack of subject matter jurisdiction.[14]

Ms. Tiernan failed to file an amended complaint by March 24, 2023. Although she did submit some documents to the court on March 27, 2023, that filing was not styled as an amended complaint.[15] Additionally, the documents she submitted do not contain any explanation concerning whether she exhausted her administrative remedies with the IRS.

### RECOMMENDATION

This action should be dismissed because: (1) for the reasons explained in the court's March 3, 2023 Memorandum Decision and Order, the court lacks subject matter jurisdiction over this action; and (2) Ms. Tiernan failed to file an amended complaint by the court-ordered deadline to cure the jurisdictional deficiency.[16] For those reasons, the court HEREBY

---

[11] ECF No. 15 at 3-4.

[12] *Id*. at 4; *see also, e.g.*, *Garner v. Internal Revenue Serv.*, No. 2:22-cv-00071-DBB-JCB, 2022 WL 3998150, at *3-4 (D. Utah Sept. 1, 2022) (permitting a pro se plaintiff to amend his complaint to potentially allege that he exhausted administrative remedies under 26 U.S.C. § 7422(a)).

[13] ECF No. 15 at 4-5.

[14] *Id*.

[15] ECF No. 16.

[16] Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by [Fed. R. Civ. P.] 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . .

RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.[17]

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[18] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[19] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 30th day of March 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

fails to obey a scheduling or other pretrial order."); Fed. R. Civ. P. 37(b)(2)(A)(v) (providing that the court "may issue further just orders," including "dismissing the action or proceeding in whole or in part").

[17] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").

[18] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[19] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).