IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TERESA CONATY TIERNAN aka TERESA TIERNAN,<br><br>Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE,<br><br>Defendant. | **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND DENYING MOTION TO RECUSE**<br><br>Case No. 2:22-cv-00534-TC-JCB<br><br>District Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

Pro se Plaintiff Teresa Conaty Tiernan aka Teresa Tiernan (Ms. Tiernan) alleges that she is suing the Internal Revenue Service (IRS) "for stealing 100% of [her] EARNINGS since 2010." (Compl. 1, ECF No. 6).[1] She alleges the IRS wrongfully took her earnings to satisfy overdue tax debts, and that those debts are not valid. Id. A liberal interpretation of the complaint suggests she seeks a refund on revenue taxes she alleges were erroneously or illegally assessed. Her complaint does not include any allegations about any steps she took to resolve her claims with the IRS at the administrative level. The court referred this case to Judge Bennett under 28 U.S.C. § 636(b)(1)(B) (ECF No. 9). Judge Bennett submitted a Report and Recommendation ("R. and R."), recommending the court dismiss Ms. Tiernan's complaint without prejudice for lack of subject matter jurisdiction. (ECF No. 17).

On April 8, 2023, Ms. Tiernan filed a document in this case. (ECF No. 18, "First Objection to R. and R."). The filing is not styled as an Objection to the R. and R. However,

---

[1] Ms. Tiernan also disputes that the IRS is the defendant in this case. (Document Lodged at 1, ECF No. 19 ("IRS WAS KICKED OFF THE CASE LAST SEPT. . . . Court was fully notified of this but ignored correcting the record. NO SUCH CASE EXISTS AGAINST THE IRS.")).

because Ms. Tiernan is pro se the court construes her papers liberally.  French v. Am. Airlines, Inc., 427 F. App'x 666, 667 n.1 (10th Cir. 2011) (unpublished).[2]  Accordingly, the court construes her April 8 filing (ECF No. 18) as a timely objection to the R. and R.  On April 14, 2023, Ms. Tiernan filed another document.  (ECF No. 19).[3]  Among other things, it includes a "Verified Motion to Quash Fraudulent Order to Dismiss Case for Void Judgment , For Fraud." Id. at 7–8 ("Second Objection to R. and R.").  The court liberally construes this part as a second objection to the R. and R.  This filing also includes a "Verified Motion for Recusal of Judge Campbell and Magistrate Bennett." Id. at 9–10 ("Mot. Recusal").  The court liberally construes this part as a motion to recuse under 28 U.S.C. § 455(a).[4]

---

[2] Unpublished decisions are cited for persuasive value.  Fed. R. App. 32.1; DUCivR 7-2(a)(2).

[3] Ms. Tiernan filed an additional document on April 21, 2023.  (ECF No. 20).  Because it was filed over three weeks after Judge Bennett issued his R. and R., which warned Ms. Tiernan that she had only fourteen days after being served with a copy of the R. and R. to reply to its contents, this filing cannot be considered as a timely objection to the R. and R.  (See R. and R., ECF No. 17); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  However, the court notes that the contents of Ms. Tiernan's April 21 filing are similar to the contents of her April 14 filing.

[4] Ms. Tiernan alleges "These 2 judges sat and did absolutely nothing since last September 2022 to April. 2023 presently today [sic].  No Justice at all was served.  They are both unethical and incompetent. Remove them both from this case permanently." (Mot. Recusal 9, ECF No. 19). The court does not treat this as a 28 U.S.C. § 144 motion because Ms. Tiernan has not (a) alleged personal bias or prejudice against her or in favor of the IRS, or (b) submitted an affidavit stating facts and reasons for belief that such bias or prejudice exists.  See Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987) ("Under § 144, the only claim of bias to be considered is that against a party.").  Her complaints also do not implicate § 455(b)'s specific grounds for disqualification. Vazirabadi v. Denver Health & Hosp. Auth., 782 F. App'x 681, 685 (10th Cir. 2019) (unpublished).  Regardless, Section 455(a) "is a 'catch-all' provision that is broader than the specific grounds for disqualification set forth in § 455(b)." Id. (quoting United States v. Young, 45 F.3d 1405, 1415 (10th Cir. 1995)).  Ms. Tiernan also says "there was a total lack of service of process on Petitioner," which, she alleges, would "render[] a judgment void." (Mot. Recusal 9, ECF No. 19).  The court notes this is not an argument about recusal, but also that Ms. Tiernan appears to have properly received court documents and notifications of case activity.  (See Document Lodged at 1, ECF No. 19 (email notice of electronic filing of Objection to R. and R., from ecf_notice@utd.uscourts.gov to Ms. Tiernan's email address, received on April 11, 2023); Notice of Email Filing and Notification Form by Teresa Conaty Tiernan, ECF No. 4 (registering email address for email filing and notification)).  The court accordingly finds Ms. Tiernan's allegations that the R. and R. is "void" due to notification issues to be without merit.

I.  Ms. Tiernan's Motion for Recusal.

The test for recusal under 28 U.S.C. § 455 "is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." Hinman, 831 F.2d at 939. "[U]nfavorable judicial rulings do not in themselves call into question the impartiality of a judge." Serna v. Cooksey, No. 22-2063, 2023 WL 2320328, at *5 (10th Cir. Mar. 2, 2023) (unreported) (citing United States v. Mendoza, 468 F.3d 1256, 1262 (10th Cir. 2006)). This "standard contemplates a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" United States v. Evans, 262 F. Supp. 2d 1292, 1294 (D. Utah 2003) (quoting United States v. Jordan, 49 F.3d 152, 156 (5th Cir. 1995)). A judge must recuse when disqualification is a close question, but "has as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require." Id. (quoting Bryce v. Episcopal Church in the Diocese of Colo., 289 F.3d 648 (10th Cir. 2002)). A judge must document the reasons for her recusal decision. See United States v. Greenspan, 26 F.3d 1001, 1007 (10th Cir. 1994).

Ms. Tiernan objects to judicial action and inaction in her case and makes general charges about the court's lack of ethics and qualifications. She includes marked-up pages from, for example, the Canons of Judicial Ethics, the Handbook of Administrative Ethics, and Black's Law Dictionary, and notes underlined passages are "All crimes you are guilty of." (Document Lodged at 12–22, 35–38, ECF No. 19; see e.g., id. at 36 (underlining "Engage in illegal conduct involving moral turpitude.")). But she does not point to any law or facts that would cause a reasonable person to harbor doubts about the impartiality of the undersigned or Judge Bennett. Further, the court cannot find any such impartiality, or the appearance of it, in the record of this

3

case. As the court has found no legitimate reason for either the undersigned or Magistrate Judge Bennett to recuse, it will honor its duty to sit. Ms. Tiernan's Motion to Recuse is denied.

    II.  <u>Ms. Tiernan's Objection to Judge Bennett's Report and Recommendation.</u>

Having found no legitimate reason for either the undersigned or Judge Bennett to recuse, the court will "make a de novo determination" of the portions of the R. and R. to which Ms. Tiernan properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections "must be both timely and specific to preserve an issue for de novo review by the district court." <u>United States v. One Parcel of Real Prop.</u>, 73 F.3d 1057, 1060 (10th Cir. 1996). An assertion that is not sufficiently specific to focus the court's attention on the relevant factual and legal issues in the case, even when construed liberally, fails to state a proper objection subject to de novo review. <u>Kulikowski v. Crow</u>, No. 20-CV-01946, 2020 WL 6082326, at *2 (D. Colo. Oct. 15, 2020).

 Construing her filings liberally, Ms. Tiernan does not state sufficiently specific assertions to focus the court's attention on the relevant factual and legal issues at hand. Consequently, her points are not subject to de novo review. The court discerns no material errors on the face of the record and finds Judge Bennett's analysis of the issues thorough and sound. <u>See id.</u> (applying similar standard where objection to magistrate judge's recommendation failed to state a proper objection). But even if Ms. Tiernan's objections were proper—and the court discerns they are an objection to the magistrate judge's jurisdiction, an allegation of fraud, and an allegation that a judgment is void—none of them has merit. Applying de novo review, the court overrules them.

Judge Bennett was within his jurisdiction in issuing the R. and R. <u>See</u> 28 U.S.C. § 636(b)(1)(B); DUCivR 72-4(d)(2). The form Ms. Tiernan includes in her filing conveys non-consent to a magistrate judge acting <u>as presider</u>. (<u>See</u> First Objection to R. and R. 7, ECF No. 18; Receipt of Consent/Reassignment Form, ECF No. 9). His jurisdiction to issue the R. and R.

4

is proper under the (b)(1)(B) referral.  Id.; see DUCivR 72-1–4 (describing magistrate judge authority, functions, and case assignment after consent not obtained to exercise of jurisdiction under 28 U.S.C. § 636(c)).  Similarly, the court finds no indicia of fraud related to the Magistrate Judge in the record, and Ms. Tiernan fails to explain how his actions could be construed as fraud.  See FRAUD, Black's Law Dictionary (11th ed. 2019) (defining fraud).

Further, the R. and R. is neither a final judgment nor "void."  See United States v. Romero, 511 F.3d 1281, 1283 (10th Cir. 2008) (quoting Cauwenberghe v. Biard, 486 U.S. 517, 521 (1988)) ("A final judgment is one that 'ends the litigation on the merits,' leaving nothing to decide.").  As this objection relates to the recommendation about subject matter jurisdiction, the court finds that it does not have subject matter jurisdiction.

> [T]he United States has consented to be sued in federal district court in civil actions "for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected."  However, a party bringing such an action must exhaust his administrative remedies by filing a timely and proper refund claim prior to filing suit.  Section 7422(a) provides: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund . . . has been duly filed with the Secretary, according to . . . law . . . and the [Secretary's] regulations."

Green v. United States, 428 F. App'x 863, 866 (10th Cir. 2011) (first quoting 28 U.S.C. § 1346(a)(1); then quoting 26 U.S.C. § 7422(a)).  "[W]hat should be included in a claim and to whom it should be sent" is specified in 26 C.F.R. § 301.6402.  Id. at 867.

In the documents filed with the court, Ms. Tiernan includes correspondence with the IRS and the U.S. Department of the Treasury.  (See, e.g., Exhibit to Compl. at 3–6, 24, ECF No. 6-2).  She also includes two Orders from the Tax Court.  (See Exhibit to Compl. at 27, ECF No. 6-2 (Order, Teresa Conaty Tieman, Petitioner v. Comm'r of Internal Revenue, Respondent, No. 1135-18 (T.C. April 11, 2018)); see also Document Lodged at 2, 6, ECF No. 11 (Order of Dismissal for Lack of Jurisdiction, Tieman v. Comm'r of Internal Revenue, No. 1135-18 (T.C.

5

Mar. 30, 2018))). And she includes photocopies of checks issued to her by the U.S. Treasury during May 2022, which appear to be for "tax refund[s]." (Exhibit to Compl. at 25, ECF No. 6-2). Because neither these documents, nor any other documents filed by Ms. Tiernan, show that she filed a timely and proper refund claim prior to filing suit, she has not established that 26 U.S.C. § 7422(a)'s requirements are satisfied. See Garner v. Internal Revenue Serv., No. 2:22cv00071, 2022 WL 3998150, at *3 (D. Utah Sept. 1, 2022) (quoting Green, 428 F. App'x at 866) (noting party bringing suit in district court to recover tax allegedly erroneously assessed or collected must exhaust administrative remedies by filing timely and proper refund claim before filing suit); United States v. Lovely, 420 F. Supp. 3d 398, 408 (M.D.N.C. 2019) (citing 26 U.S.C. § 7422(a)) ("Before filing suit in federal court to pursue a tax refund, taxpayers must first file a claim for a refund with the IRS."); United States v. Appelbaum, 47 F. Supp. 3d 370, 377 n.3 (W.D.N.C. 2014) (noting, where taxpayer had filed an administrative request for a due process hearing challenging a levy, that such a hearing is not equivalent to a claim for refund and the court was "without jurisdiction to allow a claim for refund to continue without [taxpayer] having first filed a claim for refund."). Ultimately, Ms. Tiernan has failed to establish subject-matter jurisdiction. Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)) ("The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction.").

Judge Bennett warned Ms. Tiernan about the subject matter jurisdiction problem and about the consequences of failing to address it. He also offered her the opportunity to remedy this issue. In his Memorandum Decision and Order from March 3, 2023, Judge Bennett assessed the court's subject matter jurisdiction over this action. (ECF No. 15). He noted, as the court has also noted above, that Ms. Tiernan's Complaint lacked any indication that she satisfied 26 U.S.C.

§ 7422(a)'s requirements, and "Without such allegations, she cannot carry her burden to establish that this court has subject matter jurisdiction over her claims." Id. at 3–4.  He ordered that "Ms. Tiernan must file an amended complaint on or before March 24, 2023, that remedies the jurisdictional deficiency. . . . Failure to do so will result in the court recommending that this case be dismissed for lack of subject matter jurisdiction." Id. at 5.  As Judge Bennett notes in his R. and R., despite his instructions and warning, "Ms. Tiernan failed to file an amended complaint by March 24, 2023 . . . [Further,] the documents she [has] submitted do not contain any explanation concerning whether she exhausted her administrative remedies with the IRS." (ECF No. 17 at 3).  The court must dismiss this action because it lacks subject matter jurisdiction, and Judge Bennett applied the law correctly in recommending that the court do so.

## ORDER

For the reasons considered above, the court DENIES Ms. Tiernan's Motion to Recuse (ECF No. 19).  The court also finds that Judge Bennett properly applied the law in this case.  The court discerns no error.  The court OVERRULES Ms. Tiernan's Objections (ECF Nos. 18 and 19), ADOPTS the R. and R. (ECF No. 17), and DISMISSES the case without prejudice.

DATED this 25th day of April, 2023.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

7